UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

PIZZA PACK LLC,

        Plaintiff,

v.

BRUMIS IMPORTS, INC.,

        Defendant.

No. 25-cv-03739

DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiff, Pizza Pack LLC (hereinafter, "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Brumis Imports, Inc. (hereinafter, "Defendant"), alleges the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**<u>NATURE OF THE ACTION</u>**

1. This is an action in law and for patent infringement asserting that Defendant's "Collapsible Pizza Storage Container" infringes at least one of Plaintiff's following patents:

- U.S. Patent No. 11,738,935 entitled "Expandable Pizza Container"

- U.S. Patent No. D1,034,109 entitled "Expandable Pizza Container."

Plaintiff's asserted patents are attached as **Group Exhibit 1**.

2. This is an action in law and for trade dress infringement asserting that Defendant's "Collapsible Pizza Storage Container" infringes Plaintiff's trade dress. Plaintiff alleges that Defendant provided and sold goods that adopted a particular dress, design and combination of features, to imitate Plaintiff's trade dress in such a way as to be confusingly similar to Plaintiff's Pizza Pack branded Products and mislead the consumer.

3. This is an action in law and equity for unjust enrichment and misappropriation

1

asserting that Defendant has benefitted from its copying, advertisement and sales of Plaintiff's patented pizza storage container.

## PARTIES

4. Plaintiff Pizza Pack LLC is a limited liability company organized and existing under the laws of the State of Oregon since June 2022, having a principal place of business in Oregon. Plaintiff manufactures, distributes, and sells food related items such as collapsible pizza containers, cheese choppers, and pizza cutters nationally and internationally under its own company name and rebranded as others. Much of Plaintiff's sales are through Amazon and other internet sites.

5. Upon information and belief, Defendant Brumis Imports, Inc. is a corporation organized and existing under the laws of the State of New York since 2008. Brumis Imports, Inc. is an importer and distributor of household goods, including kitchenware and cooking equipment that it sells under at least its CORE HOME and CORE KITCHEN brands. It is headquartered in New York, NY. Its agent for service of Process is Alan Bram, at the corporate offices of Brumis Imports at 42 West 39th St., 4th Floor, New York, NY 10018.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. §1331, 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent jurisdiction over the claims arising under state law), 28 U.S.C. §1367(a) (supplemental jurisdiction over State claims) and 35 U.S.C. §1 *et seq.* (actions arising under the Patent Laws of the United States).

7. This Court has personal jurisdiction over Defendant because, at all times pertinent hereto, upon information and belief, Defendant is doing business and has systematic activities in this District and is committing infringing acts in Illinois and this District by placing infringing

products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

8. More specifically, Defendant, directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents, ships, distributes, offers for sale, and/or sells its products in the United States and this District. Defendant has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Defendant knowingly and purposefully ships infringing products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Moreover, on the information and belief, Defendant has transacted business at trade shows such as the Inspired Home Show at McCormick Place in Chicago, Illinois, on March 2-4, 2025.

9. On information and belief, Defendant is subject to this Court's personal jurisdiction because Defendant has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or the Illinois long-arm statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and this District. Having purposefully availed itself of the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(d) and 1400(b) for the same reasons. A substantial part of the acts, events, and omissions giving rise to the claims asserted in this action may have occurred within this Judicial District. Defendant has committed infringing

acts in this District through its sales of the accused products in this District.

11.     Additionally, venue is proper because Defendant has regular and established business in the State of Illinois. Defendant sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and effectuates these sales, knowing that the products would be sold in this District and elsewhere in the United States.

## FACTS COMMON TO ALL COUNTS

<u>Plaintiff's Patented Pizza Storage Container</u>

12.     Plaintiff is the creator and seller of high-quality, uniquely innovative products designed to perfectly store multiple slices of pizza in an air-tight, compact container that collapses and expands to maximize fridge space ("Pizza Pack Products"). They are known for their easy-to-use design and versatile functionality. With a patented collapsable mechanism, Pizza Pack Products provides durability and space-saving capabilities for the device during use.



**Plaintiff's Pizza Pack Products**

13.     Plaintiff sells the products through its PIZZA PACK brand, which allows consumers to purchase the genuine products through the company's e-commerce marketplaces. The Pizza Pack Products have become enormously popular and even iconic, driven by Plaintiff's exacting quality standards and innovative designs. Among the purchasing public, genuine Pizza Pack Products are instantly recognizable as such in the United States and around the world.

Plaintiff's Design Patent

14. Pizza Pack Products are known for their distinctive patented designs. Pizza containers using this design are associated with the quality and innovation that the public has come to expect from Pizza Pack Products.

15. Plaintiff is the lawful assignee of all rights, title, and interest in and to the '935 Patent (Reg. No. 11,738,935). The '935 Patent was lawfully issued on July 9, 2024, with the named inventors Tate Koening and Matt Poeschl.

16. Plaintiff is also the lawful assignee of all rights, title, and interest in and to the '109 Patent (Reg. No. D1,034,109). The '109 Patent was lawfully issued on August 29, 2023, with the named inventors Tate Koening and Matt Poeschi.

17. A true and correct copy of the '935 Patent and '109 Patent (collectively, the "Pizza Pack Patents") is attached as **Group Exhibit 1**.

Plaintiff's Trade Dress

18. Plaintiff's "Pizza Pack" trade dress (the "Pizza Pack Trade Dress") consists of several characteristics of its overall visual appearance that signify the source of the product to consumers. These include: a triangular wedge-shaped container with smoothly rounded corners paired with a matching shaped lid. The lid features a vent in a triangular shape. The lid also features four locking mechanisms; three are positioned at the midpoint of each side of the wedge-shaped lid, while a fourth is placed at the apex of the smoothly rounded top corner of the triangle. The container is presented in a consistent single-tone color palette. In addition, the sealing ring encircling the top edge of the container and the vent located on the lid match in color. The photos below are true images of Plaintiff's Pizza Pack body and lid.

 

19. Since their date of first introduction, and long before the acts of Defendant complained of herein, Plaintiff has adopted an inherently distinctive and non-functional trade dress for its Pizza Pack Products. The unique appearance of the Pizza Pack Trade Dress results from a combination of the unique look described and shown in the photos above. No prior pizza storage container has had an appearance that even remotely resembles the Pizza Pack Trade Dress.

20. Since at least as early as 2022 and long before the acts of Defendant complained of herein, Plaintiff has continuously and exclusively used the Pizza Pack Trade Dress in connection with the advertising, promotion, and sale of its pizza storage containers. Plaintiff's Pizza Pack Products have been extensively shipped, distributed, and sold in interstate commerce throughout the United States, including in the Northern District of Illinois.

21. Since long prior to the acts of Defendant complained of herein, Plaintiff has extensively and widely advertised and promoted its Pizza Pack Products through numerous forms of media including, without limitation, television and over the Internet at both Amazon.com and its own website.

22. As a result of the aforesaid advertising, promotion, sales and media attention, and as well as the excellence and craftsmanship of the products, the Pizza Pack Trade Dress, has become famous and is recognized and relied upon by consumers as exclusively identifying the products of Plaintiff and distinguishing those products from the products of others. The distinctive

Pizza Pack Trade Dress has come to represent an extremely valuable reputation and goodwill worth many millions of dollars and belonging exclusively to Plaintiff.

Defendant's Unlawful Conduct

23. Upon information and belief, Defendant is distributing, selling, offering for sale, promoting, and advertising a pizza storage container bearing exact imitations of Plaintiff's patented Pizza Pack Products and Plaintiff's Pizza Pack Trade Dress with the deliberate and calculated intent to trade on the enormous goodwill and reputation symbolized by the Pizza Pack Trade Dress so as to confuse and mislead the public into believing that Defendant's pizza storage containers are the same or come from the same source as Plaintiff's products or have been sponsored, approved or connected with Plaintiff.

24. Upon information and belief, Defendant has advertised and sold pizza storage containers that violate Plaintiff's above-listed intellectual property rights, in interstate commerce to retailers at wholesale, and ultimately to consumers in both "brick and mortar" stores and online stores[1] with full knowledge that these goods were intended to be made available to the public and purchased through Defendant's customers in all states serviced accessible via inter alia, the internet. *See* **Exhibit 2**.

25. An example of the online and brick-and-mortar retail stores marketing, offering for sale, and selling Defendant's infringing product is Meijer. *Id*. Their sales page for the product is set forth below:

---

[1] Stores that sell or have sold infringing goods imported and distributed by Defendant include cookonbay.com (pictured), Meijer, Faire, Ali's Wagon, and Atlantic Spice Company, among others.

7



26. Set forth below are photographs of one of Defendant's "Collapsible Pizza Storage Containers" that was purchased from one of the retail stores in this District to which they were sold at wholesale. *See* **Exhibit 3**. Mere visual inspection shows its striking visual resemblance to drawings of the Plaintiff's patents, Pizza Pack Products and Pizza Pack Trade Dress.



**The Accused Product**

27. Defendant's pizza storage container so closely simulates and imitates Plaintiff's patented designs and Pizza Pack Trade Dress as to be likely to cause confusion and mistake and to deceive and to make the public believe that Defendant's products are Plaintiff's products, or have been sponsored, approved or somehow connected with Plaintiff, with consequent injury to Plaintiff and to the public.

28. Defendant's simulation and imitation of Plaintiff's patented designs and Pizza Pack Trade Dress constitutes the use of false designations of origin and false and misleading

representations as to the source of the products sold, distributed and offered for sale by Defendant and is likely to cause confusion among consumers and to cause them to mistakenly believe that Defendant's pizza storage containers are Plaintiff's Pizza Packs or are approved, endorsed, affiliated, sponsored by or associated or connected with Plaintiff.

29. Upon information and belief, Defendant has caused its goods to be sold, distributed and offered for sale in interstate commerce with the intent to cause confusion and deception of the public, and with knowledge and intent to profit unfairly from Plaintiff's reputation and goodwill associated with Plaintiff's Pizza Pack Trade Dress and Patents.

30. Because of Defendant's actions, Plaintiff has been damaged and is likely to be further damaged by the use of such false designations and false and misleading descriptions and representations in that the purchasing public is likely to be induced into purchasing Defendant's goods or receiving and using those goods in the erroneous belief that they are Plaintiff's goods or that Defendant's goods are endorsed by Plaintiff, or are sponsored by Plaintiff, or are approved or connected in some way with Plaintiff, or possess the advantages, benefits and quality of Plaintiff's goods.

31. Upon information and belief, Defendant has willfully and intentionally infringed Plaintiff's Pizza Pack Patent rights, and violated Plaintiff's Pizza Pack Trade Dress, all with the intention of passing off its goods or services as the goods and services of Plaintiff; causing likelihood of confusion or of misunderstanding as to the source, sponsorship or approval, of Plaintiff's goods; and of causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

32. Upon information and belief, Defendant knows and has known since before the acts complained of herein, of the vast amount of intellectual property that Plaintiff has surrounded its Pizza Pack with to protect its novelty and Plaintiff's hard work and investment. This intellectual

property includes Plaintiff's issued patents and the unique appearance of Plaintiff's Pizza Pack Products that establishes Plaintiff's Trade Dress that the public recognizes and relies upon as identifying Plaintiff's Pizza Pack Products and distinguishing Plaintiff's products from the products of others.

33. Notwithstanding Defendant's prior knowledge and indeed by reason of such knowledge, Defendant, upon information and belief, recently set upon a scheme and course of conduct to misappropriate Plaintiff's rights in the Pizza Pack Patents and Pizza Pack Trade Dress so as to deceive the public into believing that Defendant's goods are Plaintiff's goods, by importing distributing, selling, offering for sale, promoting, and advertising a pizza storage container which closely copies and imitates the appearance of Plaintiff's Pizza Pack Products, infringes Plaintiff's Patents, and violates its Trade Dress.

34. Plaintiff has not authorized Defendant to import, make, use sell or offer for sale any pizza container that embodies the claims of any of Plaintiff's patents. Plaintiff has not authorized Defendant to sell any pizza container that embodies the distinctive trade dress of Plaintiff's Pizza Pack Products.

35. Upon information and belief, Defendant has controlled and directed all activities of Defendant as alleged herein.

## COUNT I

### PATENT INFRINGEMENT

36. Plaintiff realleges every allegation of paragraphs 1 through 35 as though fully set forth herein.

37. Two of the Plaintiff's issued U.S. patents each have at least their first claim infringed by defendant' pizza container. These are 11,738,935 and D1,034,109, which were duly and legally issued and assigned to Plaintiff, who since their issue, has been and still is the owner

of these patents. Copies of these Patents are attached hereto as **Group Exhibit 1**.

38. Without permission or authorization from Plaintiff and in violation of 35 U.S. § 271(a), Defendant is making, selling, offering for sale, importing, and/or using in this District and elsewhere in the United States, certain pizza container products, which are at least sold at Meijer, as depicted in **Exhibit 2**, that infringe the '935 and '109 Patents.

39. Defendant's pizza container infringed at least Claim 1 of the '935 Patent as shown in the claim chart below. As a result, Defendant infringed the '935 Patent.

| Claim feature (claim 1 of Patent 11,738,935 | Product feature (Accused Product) |
|---|---|
| 1. An expandable pizza storage container, comprising: | Collapsible Silicone Pizza Storage Container |
| a flexible, generally triangular container body having three sides joined at rounded corners, and a planar bottom face extending perpendicularly from a bottom edge of said sides, wherein said sides are pleat folded so as to form an upper pleat and a lower pleat that are concentrically nested; | Collapsable container with two concentrically nested pleats<br><br>Triangle container with rounded corners and a flat bottom |
| a rigid seal ring bonded to a top edge of said sides; | Seal ring |
| a rigid, generally triangular, planar lid with a gasket groove formed about a periphery edge of a bottom side of said lid; | |

11

| Claim feature (claim 1 of Patent 11,738,935 | Product feature (Accused Product) |
|---|---|
| a compressible, removeable gasket frictionally retained within said gasket groove; | Lid; Gasket groove/gasket |
| a microwave safe triangular tray with a peripheral lip formed there about a tray top face and a finger tab extending from said triangular tray; | Finger tab; Peripheral lip; Triangular tray (microwave safe mentioned in product packaging) |
| wherein said lid resides upon said container body with said gasket in contact with said seal ring, and said tray resides within said container body. | |

40. In addition, Defendant's pizza container contains each and every aspect of the claimed ornamental design in the '109 Patent as shown below. *See also* **Exhibit 3**. The Accused Products have an overall appearance that is substantially the same as the claimed design in the '109 Patent.

| Claim feature (Patent D1,034,109) | Product feature (Core Kitchen) |
|---|---|
| FIG. 1 | |

12



FIG. 2

41. Defendant has infringed the '109 Patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of the '109 Patent and the overall design features of Defendant's product is substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Pizza Pack Products protected by Plaintiff's design patent.

42. Defendant's infringement of the '109 and '935 Patents has been and continues to be willful.

43. Upon information and belief, Defendant has by its aforementioned infringement of the '109 and '935 Patents unlawfully derived substantial profits and gains that Plaintiff would have otherwise received.

44. Defendant's conduct has caused and will continue to cause Plaintiff substantial damage, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '109 and '935 Patents. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

45. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, in both reputation and lost sales, and unless such acts are restrained

by this Court, such acts will continue, and Plaintiff will continue to suffer great and irreparable injury. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283

## COUNT II

## TRADE DRESS INFRINGEMENT

46. Plaintiff realleges paragraphs 1 through 45 as though fully set forth herein.

47. When designing and manufacturing the Pizza Pack Products, Plaintiff adopted a particular dress and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

48. Plaintiff's Pizza Pack Trade Dress is distinctive in the mind of the relevant public as denoting Plaintiff as the single source, origin, and sponsor of such pizza container.

49. Plaintiff is the owner of all right, title and interest in and to Plaintiff's Pizza Pack Trade Dress used by Plaintiff, by virtue of Plaintiff's extensive manufacture and sale of products bearing the Trade Dress, as set forth in the preceding paragraphs of this Complaint

50. Defendant has attempted to imitate Plaintiff's particular trade dress, design and combination of features, as they pertain to its pizza storage container in such a way as to mislead the public.

51. Looking at the following two photographs of Defendant's expandable pizza storage container (left), *see also* **Exhibit 3**, beside two photographs of Plaintiff's Pizza Pack (right), show that Defendant's pizza storage container embodies all of Plaintiff's trade dress.

| The Accused Product | Plaintiff's Product |
|---|---|
|  |  |

 

52. The multiplicity of similarities between Plaintiff's Pizza Pack Products and the pizza storage container produced and manufactured by Defendant evidence a conscious intent by Defendant to imitate and copy Plaintiff's distinctive product.

53. Defendant's actions are intended and/or operate to confuse the consumer.

54. Plaintiff's sale of its own Pizza Pack Products thereof is prejudiced by Defendant's imitation and copying of Plaintiff, all to the Plaintiff's irreparable damage in an amount to be proven at trial.

55. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, in both reputation and lost sales, and unless such acts are restrained by this Court, such acts will continue and Plaintiff will continue to suffer great and irreparable injury.

## COUNT III

### MISAPPROPRIATION/UNJUST ENRICHMENT

56. Plaintiff realleges paragraphs 1 through 55 as though fully set forth herein.

57. Defendant received the benefit of the significant time, marketing and effort expended by Plaintiff to create and develop the Pizza Pack product, goodwill and market.

58. Defendant knowingly and intentionally misappropriated/copied every patented aspect of the Pizza Pack, and blatantly misappropriated/copied every single aspect of the trade dress

15

associated with Plaintiff's distinctive Pizza Pack presentation of its patented invention. In doing so Defendant has:

    a.    Passed off its goods as the goods of Plaintiff;

    b.    Caused a likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Plaintiff's goods; and

    c.    Caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff.

59.    As a result of Defendant's foregoing conduct, Plaintiff has suffered damages in an amount to be proven at trial.

60.    It would be unjust to allow Defendant to retain the above-mentioned wrongfully obtained benefits and Defendant should be ordered to disgorge the benefits he has obtained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in its favor against Defendant and grant the following relief:

A.  A judgment declaring that Defendant's conduct has:

    a.    infringed, actively induced others to infringe, and/or contributorily infringed at least one of the claims of the '935 and '109 Patents in violation of 35 U.S.C. § 271(a), (b) and/or (c), or under the Doctrine of Equivalents;

    b.    infringed the "Pizza Pack's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

    c.    misappropriated the "Pizza Pack's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

    d.    unjustly enriched the Defendant.

B.  A judgment that Defendant's conduct with regard to the infringements of the claims of the '935 and '109 patents and the infringement of the Pizza Pack Trade Dress have been willful

and wanton;

C. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with them, from any further acts of infringement, of the '935 and '109 patents or the Pizza Pack Trade Dress;

D. An order and judgment requiring the Defendants to deliver to the Plaintiff for destruction of Defendant's pizza storage containers or any products that infringe the '935 and '109 patents or the Pizza Pack Trade Dress and all equipment, tooling or other means of making the infringing products, and that Defendant be required to recall all such products that it has delivered, shipped, or otherwise provided to any distributors, retailers, or third parties and refund any monies paid for such products;

E. An order pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' unlawful conduct as outline above, in an amount to be proven at trial,

F. An order pursuant to 35 U.S.C. § 284, and 15 U.S.C. § 1117 and based on Defendants' willful and wanton infringements of the '935 and '109 patents and infringement of the Pizza Pack Trade Dress rights, trebling all damages awarded to Plaintiff, and also that this case be adjudged and decreed exceptional under 35 U.S.C. § 285. Plaintiff therefore specifically requests that the Court increase its damage award by a factor of three and award Plaintiff its reasonable attorney's fees, expenses and costs in this action;

G. That Defendant be required to account to Plaintiff for all of Defendant's profits as a result of its willful and wanton acts of patent infringement, trade dress infringement, misappropriation, and unjust enrichment.

H. That Defendant be required to file with the Court within thirty (30) days after entry of

final judgment in this case, a written statement under oath setting forth the manner in which Defendant has complied with the final judgment;

  I.  An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiff pre-judgment interest on the damages and their costs incurred in this action; and

  J.  In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of design patent, pursuant to 35 U.S.C. § 289;

  K.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

  L.  Awarding Plaintiffs such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims where it is so entitled, pursuant to Fed. R. Civ. P. 38(b).

Dated: April 7, 2025

                Respectfully submitted,

                /s/ James E. Judge

                Zareefa B. Flener (IL Bar No. 6281397)
                James E. Judge (IL Bar No. 6243206)
                Ying Chen (IL Bar No. 6346961)
                Flener IP Law, LLC
                77 West Washington Street, Suite 800
                Chicago, Illinois 60602
                (312) 724-8874
                litigation@fleneriplaw.com

                Counsel for *Plaintiff*